## UNITED STATES BATTERY SERVICE CO v UNION

Ohio Appeals, 8th Dist, Cuyahoga Co
No 10846. Decided Oct. 20, 1930

S. J. Deutsch, Cleveland, for Battery Co.
Pollack & Pollack, Cleveland, for Union.

VICKERY, PJ.

No fault is found with the charge. The case was properly submitted to the jury and the court charged the jury that if the plaintiff in error company had taken the advice of counsel and had disclosed fully to counsel all the facts in and about the case, and the counsel had advised them that they might prosecute and they did so, that would be a complete defense. Apparently the jury did not believe that the defendant below, plaintiff in error here, had advised counsel of all the facts in the case, and that brings me to the only error that has been argued at least in this court, and that was as to the admission of evidence in that a Mr. White, who was the man who swore out the affidavit for the arrest of the defendant in error for the keeping of the battery longer than the ordinance permitted, was talking with Mr. Payne, one of the police prosecutors, and Mr. Payne said in the hearing of several persons to White that "he (referring to White) did not give me all the facts in this case," and that was the reason Payne was not able to win his lawsuit in the Municipal Court. Now the introduction of this conversation is alleged as error.

Apparently, from the record, White stood silent and permitted the accusation of Payne to go unchallenged and, therefore, it was, in a manner an admission against interest, White having sworn out the warrant. It was an admission in effect that he had not given all the facts in the case upon which the prosecution might be predicated, and appaerntly Payne was provoked because he had been misled.

Now that seems to be pertinent as bearing upon the question, which apparently was the only question, submitted to the jury, because the arrest and the discharge were admitted, and the only question that remained was the justification of the plaintiff in error as complaining witness for having had the plaintiff below arrested, and apparently the jury believed that all the facts which would bear upon the question had not been given, which if so, under the charge of the court, would justify the verdict for the plaintiff below, because if that was the only defense and that was not available because of its incompleteness, it would be no defense at all, and the jury would be warranted in bringing in a verdict for the plaintiff.

Now the verdict is not high; in fact, it is very moderate considering that the defendant in error had to employ counsel to get him out of the scrape; and in a case of that kind probably punitive damages could be allowed; and in that event the jury

could take into consideration the possible attorney's fee in the trial of a civil action.

Taking all these matters into consideration, it is not a big verdict.

The evil in the whole matter arises because certain persons who have a particular interest, seek to have an ordinance or statute passed to aid them in their civil business; that is, to aid them in collecting claims against individuals who come within the ordinance or statute. If defendant in error kept this battery, converted it to his own use, there was a sufficient law in force to authorize a recovery, or even a criminal action in conversion for converting the property to his own use; or the battery could have been recovered in an action in replevin. It was not necessary to have an ordinance passed making it a criminal offense, for the purpose of harassing persons who keep a battery longer than the allotted period, subjecting them to the ignominy and shame of arrest and trial and a possible conviction if the ordinance had been constitutional, which this court held in another case, was not.

So taking the whole record into consideration we do not see that there is any error for which we should reverse this case.

That being so, the judgment is affirmed. Levine and Cline, JJ, concur.